Jennifer R. Bergh, Esq.
Nevada Bar No.: 14480
The Law Offices of Michelle Ghidotti
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Phone: (949) 427-2010
Fax: (949) 427-2732
Email: jbergh@ghidottilaw.com

Counsel for SRP 2013-4, LLC, its successors and assigns

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA, LAS VEGAS

| | |
|---|---|
| In re:<br><br>AMELITA P. FERNANDEZ,<br><br>    Debtor. | CHAPTER 13 BANKRUPTCY<br><br>CASE NO.: 16-13222-mkn<br><br>MOTION FOR RELIEF FROM STAY BY MOVANT BRIDGECREST CREDIT COMPANY, LLC, (11 U.S.C. *Section* 362 Bankruptcy Rule 4001) |

**I.    INTRODUCTION**

**COMES NOW,** SRP 2013-4, LLC ("**Movant**") and moves this Court for an order terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and statutory remedies incident to its security interest held in real property commonly described as 8831 Mia Moore Ave., Las Vegas, NV 89147 (the "**Property**"), and legally described as set forth in the Deed of Trust attached as an Exhibit to the declaration of Angela Viale in support of SRP 2013-4, LLC'S

Motion for Relief
Page 1

THE LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
8716 SPANISH RIDGE AVE., #115
LAS VEGAS, NV 89148
PHONE: (949) 427-2010
Fax: (949) 427-2732

Motion for Relief from Stay, on file with the Court. Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Borrowers via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

## II. JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code ("**Code**"). This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III. PARTIES IN INTEREST

On or about February 26, 2008, Donna Abat (the "**Borrower**") executed a Fixed Rate Mortgage Note (the "**Note**") in favor of Wachovia Mortgage, FSB, a Federal Savings Bank, with an original balance in the amount of $225,000. Concurrently therewith, and as security for the Note, Borrower executed and delivered to Mortgage Electronic Registration Systems, Inc., a Deed of Trust which was recorded in the Official Records of Clark County, Nevada as Document No.: 20061121-0005455 on November 21, 2006 (the "**Deed of Trust**"), and which encumbers the Property commonly known as 8831 Mia Moore Ave., Las Vegas, NV 89147. Thereafter all beneficial interest in the Note and Deed of Trust were assigned by Assignment of Deed of Trust to Movant. On January 18, 2018, Donna Abat executed a Quitclaim Deed in which she granted an interest in the Property to the Debtor.

On June 13, 2006, the Debtor filed for protection under Chapter 13 of Title 11 of the United States Code (the "**Instant Petition**") and asserted that the Property was her residence.

/ / /

Motion for Relief
Page 2

THE LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
8716 SPANISH RIDGE AVE., #115
LAS VEGAS, NV 89148
PHONE: (949) 427-2010
Fax: (949) 427-2732

### IV. STANDING

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Movant is a "party in interest," it must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Movant's claim is based on the Note and Deed of Trust attached to the declaration of Angela Viale in support of SRP 2013-4, LLC's Motion for Relief from Stay, on file with the Court. Movant's interest in the Note and Deed of Trust is described above.

The Deed of Trust acts as the security for the Debtor's payment on the Note. The Deed of Trust is recorded with the county in which the property is situated as evidence of the debt described in the Note for the benefit of any subsequent parties that may take an interest in the property described.

Movant is the current holder of a Note and Deed of Trust which encumbers the Property. Movant submits that cause exists to grant relief under Section 362(d)(1). Bankruptcy Code Section 362(d)(1) provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion. Therefore, Movant has standing to seek relief from stay.

### V. INSTALLMENT DEFAULT

As of the date of filing the Loan is due for the following monthly mortgage payments:

| | | | |
|---|---|---|---|
| 07/01/2016-06/01/2018 | 24 Payments @ $796.48 | = | $19,115.52 |
| | Fees | = | $189.82 |
| 06/01/18 | MFR Attorney Fees | = | $1,081.00 |
| **Total Post-Petition Default:** | | = | **$20,386.34** |

Motion for Relief
Page 3

THE LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
8716 SPANISH RIDGE AVE., #115
LAS VEGAS, NV 89148
PHONE: (949) 427-2010
Fax: (949) 427-2732

1  The current unpaid principal balance is no less than approximately $82,350.74.  The total owed to
2  Movant is no less than approximately $174,793.88.  The Property is not included in Debtor's
3  Confirmed Chapter 13 Plan or Debtor's Schedule "A" and Schedule "D".  Movant is informed and
4  believes there is a first position lien with a payoff in the amount of approximately $210,000.00.
5  Movant is informed and believes that the Property is valued at approximately
6  $343,000.00 per the BPO attached to the Declaration of Angela Viale.  There is no equity protecting
7  Movant's lien.  Donna Abat executed Movant's Note and Deed of Trust, not the Debtor.
8  On January 18, 2018, Donna Abat executed a Quitclaim Deed in which she granted an
9  interest in the Property to the Debtor.  A copy of the Deed is attached to the Declaration of Angela
10 Viale.

## VI. AUTHORITY

### A. Cause Exists to Grant Relief Pursuant to Section 362(d)(1); Lack of Adequate Protection

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection.   Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note.  The Borrower has not made a mortgage payment to Movant in **twenty-four post-petition months.  Movant's Note is due for the June 1, 2006 payment and is therefore in default pre and post-petition.**  A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (<u>In re Trident Corp.</u>, 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing <u>In re Hinkle</u>, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see

Motion for Relief
Page 4

THE LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
8716 SPANISH RIDGE AVE., #115
LAS VEGAS, NV 89148
PHONE: (949) 427-2010
Fax: (949) 427-2732

also <u>In re Jones</u>, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing <u>Hinkle</u>, 14 BR at 204)). The Borrower's failure to tender regular ongoing monthly mortgage payments is sufficient cause to terminate the automatic stay.

### B. Cause Exists to Grant Relief Pursuant to Section 362(d)(2)

Bankruptcy Code *Section 362(d)(2)* provides for relief from the automatic stay if the debtor has no equity in the property and the property is not needed for an effective reorganization. The burden is on the Debtors to prove the Property is necessary to effect reorganization. <u>In re Gauvin</u>, 24 B.R. 578,580 (9th Cir.B.A.P. 1982). The burden is on the Debtors to prove the Property is necessary to effect reorganization. <u>In re Gauvin</u>, 24 B.R. 578,580 (9th Cir.B.A.P. 1982).

"'Equity', as opposed to "equity cushion," is the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors" In re Mellow, 734 F.2d 1396,1400(9thCir. 1984), citing La Jolla Mortgage Funds v. Rancho El Cajon Associates, 18 B.R. at 287(S.D. Cal 1982). Here, the total owed to Movant is no less than approximately $174,793.88. Movant is informed and believes there is a first position lien with a payoff in the amount of approximately $210,000.00. Movant is informed and believes that the Property is valued at approximately $343,000.00 per the BPO attached to the declaration of Angela Viale. Therefore, there is no equity in the Property.

Debtor has, "failed to meet [their] burden of showing the "essential" connection between the property and a reasonably possible, successful reorganization in a reasonable time." In re Teresi, 134 B.R. 392, 398 (Bankr.E.D.Cal. 1991). Debtor did not include the Property or Movant's Note and pre-petition arrearage in her Chapter 13 Plan. Thus, the Property is not necessary for an effective reorganization.

### VII. CONCLUSION

THEREFORE, Movant respectfully requests an Order be entered by this Court as follows:

Motion for Relief
Page 5

**THE LAW OFFICES OF MICHELLE GHIDOTTI**
**MICHELLE R. GHIDOTTI-GONSALVES**
8716 SPANISH RIDGE AVE., #115
LAS VEGAS, NV 89148
PHONE: (949) 427-2010
Fax: (949) 427-2732

1.  Terminating the automatic stay pursuant to 11 U.S.C. §362 allowing Movant to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interest held under its Note and Deed of Trust in the Property;

2.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3.  Granting Movant leave to foreclose on the Property and to enforce the security interest under the Note and Deed of Trust, including any action necessary to obtain possession of the Property;

4.  Permitting Movant to offer and provide Borrowers with information regarding a potential forbearance agreement, loan modification, refinance agreement, or other loan workout/loss mitigation agreement and to enter into such agreement with Borrowers;

5.  That the attorney's fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

6.  For such other and further relief as the Court deems just and proper.

THE LAW OFFICES OF MICHELLE GHIDOTTI

DATED: July 9, 2018

By: /s/ Jennifer R. Bergh, Esq.
Jennifer R. Bergh, Esq.,
Attorney for
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Phone: (949) 427-2010
Fax: (949) 427-2732
Email: jbergh@ghidottilaw.com

Motion for Relief
Page 6

**THE LAW OFFICES OF MICHELLE GHIDOTTI**
**MICHELLE R. GHIDOTTI-GONSALVES**
8716 SPANISH RIDGE AVE., #115
LAS VEGAS, NV 89148
PHONE: (949) 427-2010
Fax: (949) 427-2732